IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| JUSTIN McMURTRY | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:24cv25 |
| SHERIFF, GREGG COUNTY | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Justin McMurtry, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 challenging the legality of his confinement pending prosecution. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

In his amended petition, Petitioner contends that an excessive bond was set for him. On February 5, 2024, Petitioner was ordered to pay the statutory $5.00 filing fee or to provide an application for leave to proceed *in forma pauperis* which was accompanied by a certified inmate trust account data sheet, as required by 28 U.S.C. §1915. A copy of this order was sent to Petitioner at his last known address, but to date, he has not complied, nor has he responded in any way. The Fifth Circuit has explained that where a letter is properly placed in the United States mail, a presumption exists that the letter reached its destination in the usual time and was actually received by the person to whom it was addressed. *Faciane v. Sun Life Assurance Company of Canada*, 931 F.3d 412, 420-21 and n.9 (5th Cir. 2019).

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, *citing Link v. Wabash Railroad Co.*,

1

70 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962).  Petitioner's failure to prosecute his case or to comply with orders of the Court is demonstrated by his failure to pay the statutory filing fee or to seek leave to proceed *in forma pauperis*.

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Petitioner's failure to comply with the Court's orders is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted.  The imposition of fines and costs is not appropriate given the status and nature of this case. The on-line records of Gregg County indicate that Petitioner is still confined in the Gregg County Jail, so he can refile his petition, if he chooses, within the statute of limitations. As a result, his lawsuit may be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

In addition, Petitioner did not exhaust his state remedies as required before seeking federal habeas corpus relief. *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  A pretrial detainee wishing to challenge the amount of his bail may file an application for the writ of habeas corpus in the state court in which he has been indicted. Tex. Code Crim. Pro. art. 11.08, 11.24. If the trial court denies the application, the detainee may appeal to an intermediate appellate court and then petition for discretionary review to the Texas Court of Criminal Appeals. *See Morris v. Gonzalez*, civil action no. 4:23cv871, 2023 U.S. Dist. LEXIS 49212, 2023 WL 2616020 (S.D.Tex., March 23, 2023). The online records of the Texas judiciary do not show any appeals or petitions filed by Petitioner in the state intermediate appellate courts or the Texas Court of Criminal Appeals, meaning that he has not presented his claims to the highest court for the State of Texas as required

to exhaust his state remedies. *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). His petition may be dismissed without prejudice on this basis as well.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to exhaust state remedies and failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 13th day of March, 2024.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

3